**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCELINO BENUTO DIAZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 15-71545

Agency No. A096-236-200

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2018**
Pasadena, California

Before: BERZON, FISHER,*** and WATFORD, Circuit Judges.

The Immigration Judge ("IJ") denied Marcelino Benuto Diaz's claims for

asylum, withholding of removal, protection under the Convention Against Torture,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

and voluntary departure. The Board of Immigration Appeals ("BIA") upheld the IJ's decision and dismissed the appeal. Diaz now petitions for review of the BIA's decision.

This court lacks jurisdiction to review whether Diaz is eligible for asylum. Diaz asserts that his mental illness is an "extraordinary circumstance" that excuses his failure to meet the one-year application deadline. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5)(i). But the agency found that Diaz's illness did not render him unable to apply for asylum. While Diaz disagrees, this court cannot review factual determinations underlying the agency's decision that an asylum application is untimely. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013).

Turning to the withholding claim, substantial evidence supports the finding that Diaz did not show his eligibility for relief. The IJ and BIA found no evidence that the mistreatment Diaz suffered in Mexico was inflicted because of his mental illness. This court has clarified that a petitioner need not show that his membership in a particular social group was the "one central reason" for past persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). But Diaz's mental illness nevertheless must have been *a* reason for his mistreatment. *See id.* The agency was entitled to find that no evidence supported that conclusion.

Substantial evidence also supports the finding that Diaz did not demonstrate a likelihood of future persecution. 8 C.F.R. § 1208.16(b)(2). Diaz fears that in Mexico he will become indigent, be unable to afford his medication, and either be institutionalized or targeted by gangs and cartels. But the agency found insufficient evidence that he would ever become indigent in the first place, noting that he has family in Mexico. Substantial evidence supports the agency's finding that, with his family's help, Diaz would be able to afford his medication.

The same reasoning applies to Diaz's claim under the Convention Against Torture. Both chains of events that Diaz fears will end in his torture depend on the assumption that he will become indigent and visibly schizophrenic. Because Diaz did not show that he will more likely than not become indigent, he did not show that he will more likely than not be tortured, whether in a mental health facility or on the streets by gang members and cartels.

Finally, this court lacks jurisdiction to review the agency's determination that Diaz does not qualify for voluntary departure. The only arguments Diaz presents are factual, and when it comes to the decision whether to allow voluntary departure, this court's review is limited to constitutional claims and questions of law. 8 U.S.C. §§ 1229c(f), 1252(a)(2)(D).

**PETITION FOR REVIEW DENIED.**